## Stoner v. Stoner

*Stuart M. Neely,* for plaintiff.
*Robert A. Lerman,* for defendant.

BLAKEY, J., July 1, 1974.—This matter is before the court en banc on plaintiff's motion for summary judgment. Defendant's countermotion for summary judgment has been withdrawn. This opinion is written on hehalf of the court en banc.

It is clear from the pleadings that there is no dispute that: The parties, while married, entered into a support and property settlement agreement dated July 9, 1965, wherein defendant agreed to pay to plaintiff the sum of $200 per month "until such time as we are to reach a final conclusion respecting our marriage"; that defendant initiated an action in divorce; that a decree in divorce was entered by our Court of Common Pleas on December 31, 1968; and that plaintiff filed an appeal to the Superior Court, which appeal was terminated by a non pros, entered on March 9, 1970.

The issue before us is whether the support obligation continued until the appeal was dismissed or terminated when the lower court entered its decree.

If the obligation to pay support were imposed by court order, it is clear that the same would continue until the appeal was resolved. Cases to this effect were

thoroughly reviewed in Commonwealth ex rel. Entler v. Entler, 33 Lehigh 23 (1968) which was affirmed on appeal at 214 Pa. Superior Ct. 704 (1969). The Entler decision quotes from authorities and decisions to the effect that while the appeal is pending the marriage relationship continues, that until final disposition the reciprocal obligations of the husband and wife continue as before institution of divorce proceedings, and that the appeal suspends, for all purposes, the operation of the decree below. Defendant has cited no authority to the contrary. Instead, he argues that there is a distinction between an obligation imposed by order of court and an obligation imposed by binding contract. To us, this appears a classic distinction without a difference. As neither party has claimed that the agreement is ambiguous, the court has the obligation of construing the agreement between the parties, and since there is no material issue of fact, the trial court would be obliged to grant plaintiff's request for binding instructions. Consequently, summary judgment on the issue of liability is proper: Bremmer v. Protected Home Mutual Life Insurance Company, 436 Pa. 494 (1970). We, therefore, hold that there was no "final conclusion" of this marriage until the appeal was terminated and that the obligation which defendant assumed under his contract continued until such date.

There is a minor dispute between the parties as to whether the husband discontinued payments in September of 1968 or continued through the end of that year. As authorized by Pennsylvania Rule of Civil Procedure 1035(b), our summary judgment is interlocutory in character and on the issue of liability alone. We shall remand this case to arbitration for a determination of damages.

We understand that plaintiff no longer contests her obligation to pay the docket costs of the divorce, for which defendant has presented a counterclaim. Her

claim for support shall be reduced by the amount of the same.

ORDER

And now, July 1, 1974, plaintiff's motion for summary judgment is granted to the extent that defendant's liability to pay support under the terms of the agreement between the parties is determined to have continued until March 9, 1970. Damages shall be determined by arbitration consistent with this opinion and order.